IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ACERTA PHARMA B.V., ASTRAZENCA UK LIMITED, ASTRAZENECA PHARMACEUTICALS LP, and ASTRAZENECA AB,<br><br>        *Plaintiffs,*<br><br>    v.<br><br>MSN PHARMACEUTICALS INC. and MSN LABORATORIES PVT. LTD.,<br><br>        *Defendants.* | C.A. No. _____ |

## COMPLAINT

Plaintiffs Acerta Pharma B.V., AstraZeneca UK Limited, AstraZeneca Pharmaceuticals LP, and AstraZeneca AB (collectively "AstraZeneca" or "Plaintiffs") file this Complaint for patent infringement against MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") and MSN Laboratories Pvt. Ltd. ("MSN Laboratories" and together with MSN Pharmaceuticals, "MSN"), and by their attorneys, hereby allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which arises out of the submission by MSN of Abbreviated New Drug New Drug Application ("ANDA") No. 220055 ("MSN's Tablet ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of CALQUENCE® (acalabrutinib maleate) 100 mg base equivalent oral tablets ("MSN's Tablet ANDA Product") prior to the expiration of U.S. Patent No.

10,272,083 ("the '083 patent") and U.S. Patent No. 11,059,829 ("the '829 patent"). These patents are referred to collectively herein as the "Patents-in-Suit."

## PARTIES

2. Plaintiff Acerta Pharma B.V. is a private limited liability company organized and existing under the laws of the Netherlands, having its principal place of business at Kloosterstraat 9, 5349 AB Oss, The Netherlands.

3. Plaintiff AstraZeneca UK Limited is a private company limited by shares organized and existing under the laws of England and Wales, having its principal place of business at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom. AstraZeneca UK Limited is the holder of New Drug Application No. 216387 for the manufacture and sale of CALQUENCE® (acalabrutinib maleate) 100 mg base equivalent oral tablets ("CALQUENCE® Tablets") which has been approved by the FDA.

4. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 1800 Concord Pike, P.O. Box 15437, Wilmington, Delaware, 19850.

5. Plaintiff AstraZeneca AB is a corporation organized and existing under the laws of Sweden, with its principal place of business at S-151 85, Södertälje, Sweden.

6. On information and belief, defendant MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854. On information and belief, MSN Pharmaceuticals is in the business of, among other things, developing and manufacturing generic versions of branded pharmaceutical products for the U.S. market.

7. On information and belief, defendant MSN Laboratories is a private limited company organized and existing under the laws of India, having a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanathnagar, Hyderabad, 500018, Telangana, India. On information and belief, MSN Laboratories is in the business of, among other things, developing, manufacturing, selling, marketing, and distributing generic versions of branded pharmaceutical drugs through various operating subsidiaries, including MSN Pharmaceuticals.

8. On information and belief, MSN Pharmaceuticals is a wholly owned subsidiary of MSN Laboratories.

9. By letter dated November 27, 2024 ("MSN's Tablet Notice Letter"), MSN informed Plaintiffs that MSN Laboratories is "the applicant" for MSN's Tablet ANDA and that MSN Pharmaceuticals "has submitted" MSN's Tablet ANDA to the FDA. On information and belief, MSN Laboratories and MSN Pharmaceuticals acted in concert to prepare and submit MSN's Tablet ANDA to the FDA.

10. On information and belief, MSN Laboratories and MSN Pharmaceuticals know and intend that upon approval of MSN's Tablet ANDA, MSN Laboratories will manufacture MSN's Tablet ANDA Products and MSN Laboratories and MSN Pharmaceuticals will directly or indirectly market, sell, and distribute MSN's Tablet ANDA Products throughout the United States, including in Delaware.

11. On information and belief, following any FDA approval of MSN's Tablet ANDA, MSN Laboratories and MSN Pharmaceuticals will act in concert to distribute and sell MSN's Tablet ANDA Products throughout the United States, including within Delaware.

## JURISDICTION

12. Plaintiffs incorporate each of the preceding paragraphs 1–11 as if fully set forth herein.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

14. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over MSN Laboratories and MSN Pharmaceuticals.

15. MSN Laboratories is subject to personal jurisdiction in Delaware because, among other things, MSN Laboratories itself and through its wholly owned subsidiary MSN Pharmaceuticals, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, MSN Laboratories, itself and through its wholly owned subsidiary MSN Pharmaceuticals, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, MSN Laboratories is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates MSN Pharmaceuticals, and therefore the activities of MSN Pharmaceuticals in this jurisdiction are attributed to MSN Laboratories.

16. MSN Pharmaceuticals is subject to personal jurisdiction in Delaware because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, is qualified to do

business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, MSN Pharmaceuticals develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in Delaware, and therefore transacts business within Delaware related to Plaintiffs' claims and/or has engaged in systematic and continuous business contacts within Delaware.

17. In addition, this Court has personal jurisdiction over MSN Laboratories and MSN Pharmaceuticals because, among other things, on information and belief MSN Laboratories and MSN Pharmaceuticals are agents of each other and/or operate in concert and (1) MSN filed MSN's Tablet ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's Tablet ANDA Product in the United States, including in Delaware; and (2) upon approval of MSN's Tablet ANDA, MSN will market, distribute, offer for sale, sell, and/or import MSN's Tablet ANDA Product in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of MSN's Tablet ANDA Product in Delaware. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of MSN's Tablet ANDA, MSN's Tablet ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

18. In addition, this Court has personal jurisdiction over MSN Laboratories and MSN Pharmaceuticals because those entities regularly (1) engage in patent litigation concerning MSN's ANDA products in this District, (2) do not contest personal jurisdiction in this District, and (3)

purposefully avail themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this District. *See, e.g., Vanda Pharmaceuticals, Inc. v. MSN Pharmaceuticals, Inc. et al.,* 24-815-JLH (D. Del. Sept. 13, 2024); *Astellas Pharma Inc. et al. v. MSN Pharmaceuticals Inc. et al.*, No. 23-689 (D. Del. Oct. 30, 2023); *Novartis Pharmaceuticals Corporation v. Alembic Pharmaceuticals Limited et al.*, No. 22-1395 (D. Del. Dec. 16, 2022); *Exelixis, Inc. v. MSN Laboratories Private Limited et al.*, No. 22-945 (D. Del. Aug. 9, 2022); *Exelixis, Inc. v. MSN Laboratories Private Limited et al.*, No. 22-228 (D. Del. Feb 25, 2022); *Novartis Pharmaceuticals Corporation et al. v. MSN Pharmaceuticals Inc. et al.*, No. 21-870 (D. Del. June 16, 2023); *Allergan USA, Inc. et al. v. MSN Laboratories Private Limited et al.*, No. 19-1727 (D. Del. Nov. 10, 2021); *AstraZeneca AB et al. v. MSN Pharmaceuticals, Inc. et al.*, No. 18-2051 (D. Del. Jan. 17, 2019); *Novartis Pharmaceuticals Corporation v. Dr. Reddy's Laboratories, Inc. et al.*, No. 19-2053 (D. Del. June 17, 2021); *Vanda Pharmaceuticals Inc. v. MSN Pharmaceuticals Inc. et al.*, No. 20-1214 (D. Del. 2020); *Intercept Pharmaceuticals, Inc. et al v. MSN Laboratories Private Limited et al*, No. 20-1214 (D. Del. 2020); *Otsuka Pharmaceutical Co., Ltd. et al v. MSN Laboratories Private Ltd. et al.*, No. 20-1428 (D. Del. 2020); *ACADIA Pharmaceuticals Inc. v. MSN Laboratories Private Limited et al.*, No. 20-1029 (D. Del. 2020).

19.  For the above reasons, it would not be unfair or unreasonable for MSN Laboratories and MSN Pharmaceuticals to litigate this action in this District, and the Court has personal jurisdiction over those entities here.

## **VENUE**

20.  Plaintiffs incorporate each of the preceding paragraphs 1–19 as if fully set forth herein.

21. Venue is proper in this District under 28 U.S.C. § 1391 with respect to MSN Laboratories, at least because, on information and belief, MSN Laboratories is a foreign corporation that may be sued in any judicial district in which it is subject to personal jurisdiction.

22. Venue is proper in this district as to MSN Pharmaceuticals pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware and thus "resides" in this judicial district. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017).

## FACTUAL BACKGROUND

23. CALQUENCE® Tablets, which contain acalabrutinib maleate as their active ingredient, are indicated for the treatment of adult patients with mantle cell lymphoma ("MCL") who have received at least one prior therapy, and as a first-line treatment for chronic lymphocytic leukemia ("CLL") or small lymphocytic lymphoma ("SLL").

24. On information and belief, MSN's Tablet ANDA Product is a generic version of CALQUENCE® Tablets.

25. In MSN's Tablet Notice Letter, MSN notified Plaintiffs that it had filed a Paragraph IV Certification with respect to the '083 patent and the '829 patent and was seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's Tablet ANDA Product prior to the expiration of those patents. According to MSN's Tablet Notice Letter, MSN's Tablet ANDA contains a Paragraph IV Certification asserting that the '083 patent and the '829 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of MSN's Tablet ANDA Products, and/or that those patents are invalid and/or unenforceable.

26. The purpose of MSN's submission of MSN's Tablet ANDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's Tablet ANDA Product prior to the expiration of the Patents-in-Suit.

27. In MSN's Tablet Notice Letter, MSN stated that the subject of MSN's Tablet ANDA is for an acalabrutinib maleate tablet, 100 mg base equivalent.

28. This action is being commenced before the expiration of forty-five days from the date of receipt of MSN's Tablet Notice Letter.

## COUNT I – INFRINGEMENT OF THE '083 PATENT UNDER 35 U.S.C. § 271(e)(2)

29. Plaintiffs incorporate each of the preceding paragraphs 1–28 as if fully set forth herein.

30. The '083 patent, entitled, "Methods of Treating Chronic Lymphocytic Leukemia and Small Lymphocytic Leukemia Using a BTK Inhibitor" (attached as Exhibit A), was duly and legally issued on April 30, 2019.

31. Acerta Pharma B.V. is the owner and assignee of the '083 patent. AstraZeneca has all rights, title, and interest in the '083 patent.

32. The '083 patent claims, *inter alia,* a method of treating chronic lymphocytic leukemia (CLL), small lymphocytic leukemia (SLL), or mantle cell lymphoma (MCL) in a human subject suffering therefrom comprising the step of orally administering, to the human subject, a dose of 100 mg twice daily of a Bruton's tyrosine kinase (BTK) inhibitor, wherein the BTK inhibitor is a compound of Formula (II)

[Chemical structure diagram]

or a pharmaceutically acceptable salt, hydrate, or solvate thereof, as recited in claim 1 and claim 8 of the '083 patent.

33. Methods of using CALQUENCE® Tablets are covered by one or more claims of the '083 patent, including claims 1 and 8 of the '083 patent, and the '083 patent has been listed in connection with CALQUENCE® Tablets in the FDA's Orange Book.

34. MSN's submission of MSN's Tablet ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's Tablet ANDA Product prior to the expiration of the '083 patent was an act of infringement of the '083 patent under 35 U.S.C. § 271(e)(2)(A).

35. In MSN's Tablet Notice Letter, MSN did not contest induced and contributory infringement of at least claims 1 and 8 of the '083 patent on any basis other than the alleged invalidity of those claims.

36. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's Tablet ANDA Product would indirectly infringe at least claims 1 and 8 of the '083 patent either literally or under the doctrine of equivalents.

37. On information and belief, MSN has not challenged U.S. Patent No. 7,459,554, which is listed in connection with CALQUENCE® Tablets in the FDA's Orange Book with an expiration date of November 24, 2026. On information and belief, MSN has not challenged U.S. Patent No. 9,290,504, U.S. Patent No. 9,758,524, and U.S. Patent No. 10,239,883, which are listed in connection with CALQUENCE® Tablets in the FDA's Orange Book with an expiration date of July 11, 2032. On information and belief, following the expiration of those patents, MSN will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's Tablet ANDA Product immediately and imminently upon FDA approval of MSN's Tablet ANDA.

38. On information and belief, the use of MSN's Tablet ANDA Product in accordance with and as directed by MSN's proposed labeling for that product would infringe at least claims 1 and 8 of the '083 patent.

39. On information and belief, MSN plans and intends to, and will, actively induce infringement of the '083 patent when MSN's Tablet ANDA is approved, and plans and intends to, and will, do so after approval.

40. On information and belief, MSN knows that MSN's Tablet ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '083 patent and that MSN's Tablet ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, MSN plans and intends to, and will, contribute to infringement of the '083 patent after approval of MSN's Tablet ANDA.

41. The foregoing actions by MSN constitute and/or will constitute infringement of the '083 patent, active inducement of infringement of the '083 patent, and contribution to the infringement by others of the '083 patent.

42. On information and belief, MSN has acted with full knowledge of the '083 patent and without a reasonable basis for believing that it would not be liable for infringing the '083 patent, actively inducing infringement of the '083 patent, and contributing to the infringement by others of the '083 patent.

43. Unless MSN is enjoined from infringing the '083 patent, actively inducing infringement of the '083 patent, and contributing to the infringement by others of the '083 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '083 PATENT

44. Plaintiffs incorporate each of the preceding paragraphs 1–43 as if fully set forth herein.

45. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's infringement, active inducement of infringement, and contribution to the infringement by others of the '083 patent.

46. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of MSN's Tablet ANDA Product with its proposed labeling, or any other MSN acalabrutinib maleate tablet drug product that is covered by or whose use is covered by the '083 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '083 patent, and that the asserted claims of the '083 patent are valid.

## COUNT III – INFRINGEMENT OF THE '829 PATENT
## UNDER 35 U.S.C. § 271(e)(2)

47. Plaintiffs incorporate each of the preceding paragraphs 1–46 as if fully set forth herein.

48. The '829 patent, entitled, "Crystal Forms of (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide" (attached as Exhibit B), was duly and legally issued on July 13, 2021.

49. Acerta Pharma B.V. is the owner and assignee of the '829 patent. AstraZeneca has all rights, title, and interest in the '829 patent.

50. The '829 patent claims, *inter alia,* a crystal form of (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide maleate characterized by an X-ray powder diffraction pattern comprising certain peaks as recited in claim 1 of the '829 patent.

51. CALQUENCE® Tablets are covered by one or more claims of the '829 patent, including claim 1 of the '829 patent, and the '829 patent has been listed in connection with CALQUENCE® Tablets in the FDA's Orange Book.

52. MSN's submission of MSN's Tablet ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's Tablet ANDA Product prior to the expiration of the '829 patent was an act of infringement of the '829 patent under 35 U.S.C. § 271(e)(2)(A).

53. In MSN's Tablet Notice Letter, MSN did not contest the infringement of at least claim 1 of the '829 patent on any basis other than the alleged invalidity of that claim.

54. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's Tablet ANDA Product would infringe at least claim 1 of the '829 patent, recited above, either literally or under the doctrine of equivalents.

55. On information and belief, MSN has not challenged U.S. Patent No. 7,459,554, which is listed in connection with CALQUENCE® Tablets in the FDA's Orange Book with an expiration date of November 24, 2026.  On information and belief, MSN has not challenged U.S. Patent No. 9,290,504, U.S. Patent No. 9,758,524, and U.S. Patent No. 10,239,883, which are listed in connection with CALQUENCE® Tablets in the FDA's Orange Book with an expiration date of July 11, 2032.  On information and belief, following the expiration of those patents, MSN will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's Tablet ANDA Product immediately and imminently upon FDA approval of MSN's Tablet ANDA.

56. On information and belief, the use of MSN's Tablet ANDA Product in accordance with and as directed by MSN's proposed labeling for that product would infringe at least claim 1 of the '829 patent.

57. On information and belief, MSN plans and intends to, and will, actively induce infringement of the '829 patent when MSN's Tablet ANDA is approved, and plans and intends to, and will, do so after approval.

58. On information and belief, MSN knows that MSN's Tablet ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '829 patent and that MSN's Tablet ANDA Product and its proposed labeling are not suitable for substantial non-infringing use.  On information and belief, MSN plans and intends to, and will, contribute to infringement of the '829 patent after approval of MSN's Tablet ANDA.

59.     The foregoing actions by MSN constitute and/or will constitute infringement of the '829 patent, active inducement of infringement of the '829 patent, and contribution to the infringement by others of the '829 patent.

60.     On information and belief, MSN has acted with full knowledge of the '829 patent and without a reasonable basis for believing that it would not be liable for infringing the '829 patent, actively inducing infringement of the '829 patent, and contributing to the infringement by others of the '829 patent.

61.     Unless MSN is enjoined from infringing the '829 patent, actively inducing infringement of the '829 patent, and contributing to the infringement by others of the '829 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '829 PATENT

62.     Plaintiffs incorporate each of the preceding paragraphs 1–61 as if fully set forth herein.

63.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's infringement, active inducement of infringement, and contribution to the infringement by others of the '829 patent.

64.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of MSN's Tablet ANDA Product with its proposed labeling, or any other MSN acalabrutinib maleate tablet drug product that is covered by or whose use is covered by the '829 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '829 patent, and that the asserted claims of the '829 patent are valid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests the following relief:

a) A judgment that MSN has infringed, will infringe, and will induce and contribute to infringement of each of the Patents-in-Suit;

b) A judgment that the asserted claims of the Patents-in-Suit are not invalid and not unenforceable;

c) A judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for MSN to make, use, offer for sale, sell, market, distribute, or import MSN's Tablet ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, shall not be earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

d) A preliminary and permanent injunction pursuant to, among other things, 35 U.S.C. § 271(e)(4)(B) and § 283 enjoining MSN, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing MSN's Tablet ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

e) A judgment declaring that making, using, selling, offering for sale, marketing,

distributing, or importing MSN's Tablet ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, prior to the expiration date of the Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

f) An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if MSN engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of MSN's Tablet ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

g) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

h) An award of Plaintiffs' costs and expenses in this action; and

i) Such further and other relief as this Court may deem just and proper.


Dated: January 10, 2025

| OF COUNSEL: | McCARTER & ENGLISH, LLP |
|---|---|
| David I. Berl | */s/ Daniel M. Silver* |
| Stanley E. Fisher | Daniel M. Silver (#4758) |
| Alexander S. Zolan | Alexandra M. Joyce (#6423) |
| Kevin Hoagland-Hanson | Renaissance Centre |
| Jeffrey G. Ho | 405 N. King Street, 8th Floor |
| Min Kyung Jeon | Wilmington, DE 19801 |
| WILLIAMS & CONNOLLY LLP | T: (302) 984-6300 |
| 680 Maine Ave. SW | dsilver@mccarter.com |
| Washington, DC 20024 | ajoyce@mccarter.com |
| T: (202) 434-5000 | |
| F: (202) 434-5029 | *Attorneys for Plaintiffs Acerta Pharma B.V.,* |
| dberl@wc.com | *AstraZeneca UK Limited, AstraZeneca* |
| sfisher@wc.com | *Pharmaceuticals LP, and AstraZeneca AB* |
| azolan@wc.com | |
| khoagland-hanson@wc.com | |
| jho@wc.com | |
| mjeon@wc.com | |